UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-cv-148-DLB

ALPHONZO R. MORTON,                                                                 PETITIONER,

V.            **MAGISTRATE JUDGE'S REPORT &
              RECOMMENDATION**

COOKIE CREWS,
*Warden, Kentucky State Reformatory,*                                               RESPONDENT.

*************

This matter is before the Court on Petitioner Alphonzo R. Morton's, ("Morton"), FEDERAL RULE OF CIVIL PROCEDURE 60(b) Motion. [Record No. 22]. The matter has been referred to the undersigned for the preparation of a report and recommendation. [Reord No. 23]. For the reasons below, it is recommended that Morton's motion be referred to the Sixth Circuit as a second or successive habeas petition.

I. BACKGROUND

On March 25, 2010, Morton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Record No. 1]. On March 27, 2012, the undersigned issued a report and recommendation, finding all of Morton's claims without merit and therefore recommending his petition be denied. [Record No. 20]. No objections were filed to the report and recommendation within the fourteen (14) day period allowed and the report and recommendation was adopted by the District Judge on April 23, 2012. [Record No. 21]. Morton has now filed a motion under FEDERAL RULE OF CIVIL PROCEDURE 60(b) seeking relief from the Court's final judgment. [Record No. 22].

In his motion, Morton claims that the Court incorrectly applied the <u>Strickland</u> standard in reviewing ground six (6) of his petition. [Record No. 22, at 3-8]. Ground six (6) of Morton's § 2254 petition alleged that his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment due process right were violated by his counsel's failure to raise a statute of limitations defense to the misdemeanor charges alleged by the government. Morton claimed his counsel's failure to object to the charges being brought outside of the one (1) year statute of limitations failed to preserve the issue for appellate review, mislead the Court and jury, and resulted in prejudice to Morton. [Record No. 1, at 9-10]. Neither party fully addressed this issue in their briefs, citing no authority on the issue. [Record No. 20, at 14]. However, after analyzing relevant case law from the Sixth Circuit and others, along with the state court decision, the Court found that the state court's conclusion that Morton failed to demonstrate prejudice from his counsel's failure to raise a defense or object based on the statute of limitations was not an unreasonable application of or contrary to established federal law. [Record No. 20, at 13-17]. The Court therefore found that the claim should be denied. [Record No. 20, at 13-17].

In the current motion, Morton claims that the Court's analysis of the state court's application of <u>Strickland</u>'s prejudice standard was incorrect. [Record No. 22, at 3-9]. Morton claims this resulted from a procedural error, correctly remedied under RULE 60(b) instead of on direct appeal, because the Court failed to order briefing by the parties on the issue and instead "went on to wade through unchartered [sic] waters under the contrary to and unreasonable application of <u>Strickland</u> at the behest of the state court decision and respondent." [Record No. 22, at 4]. Morton claims that the failure to assert a statute of limitations defense to the

misdemeanor charges was a failure of counsel to subject the prosecution's case to adversarial testing. [Record No. 22, at 6-7]. According to Morton, as a result, clearly established federal law dictates that prejudice should have been presumed by the state court and the failure of the state court to do so was contrary to or an unreasonable application of federal law. [Record No. 22, at 6-7]. Morton also argues that, even if prejudice was not presumed, his RULE 60(b) motion adequately demonstrates prejudice. [Record No. 22, at 7-8]. Morton concludes that the Court's "procedural disposition of Ground 6 cannot be reconciled with those decisions regarding the 'prejudice' element" and he is therefore entitled to habeas relief and a new trial on ground six (6). [Record No. 22, at 8-9].

Because Morton's motion under RULE 60(b) seeks relief from judgment issued on a petition under 28 U.S.C. § 2254, it must be determined if his motion is a second or successive habeas petition. If the motion is in substance a second or successive habeas petition, the merits of his motion cannot be considered as Morton has not been granted leave to file another petition and his motion must be referred to the Sixth Circuit for consideration under 28 U.S.C. § 2244(b)(3)(A).

## II. Standard of Review

Under FEDERAL RULE OF CIVIL PROCEDURE 60(b),

[T]he court may relieve a party . . . from a final judgment . . . for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence [ . . . ];
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

3

Fed. R. Civ. P. 60(b). However, when seeking to set aside a judgment issued on a habeas corpus petition brought under 28 U.S.C. § 2254, the motion under Rule 60(b) must not in substance be a second or successive habeas petition so that consideration of the merits would run afoul the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(b); Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005). In order to survive the strictures of the AEDPA, a Rule 60(b) motion must not be predicated on grounds that would be considered a "claim" under the AEDPA. Id., at 530. A "claim" has been defined in this context as "an asserted federal basis for relief from a state court's judgment of conviction." Id. A motion is said to contain a "claim," and therefore a second or successive petition under the AEDPA, if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." Id., at 532 (footnote omitted). A Rule 60(b) motion will survive if it alleges "some defect in the integrity of the federal habeas proceedings" that does not claim error in the substance of the prior decision. Id.  However, a Rule 60(b) motion will not survive simply because it is couched in language of Rule 60(b) or procedural defect if it effectively presents new claims for relief under § 2254 or seeks to review the previous decision on the merits. Id., at 531-354. Further, "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Id., at 532 n. 5. Therefore, if the alleged procedural defect in the habeas proceedings is due to the conduct or omission of the petitioner or his or her counsel, the claim cannot be maintained under Rule 60(b), as such a motion is substantively a "claim" under the AEDPA.

4

III. ANALYSIS

Morton's motion focuses on the Court's previous analysis of the state court's application of the prejudice standard under Strickland. [Record No. 22, at 4-8]. This clearly addresses the substance of the prior ruling on the merits and cannot be a basis to allow review. Morton does allege that the Court committed a procedural error when it failed to order further briefing on ground six (6) due to the disadvantage caused by the lack of case law provided by the parties. [Record No. 22, at 4]. This is the only allegation of a "defect in the integrity of the federal habeas proceedings" that could allow review of Morton's motion under RULE 60(b). Gonzalez, 545 U.S. at 532.

First, beyond a mere allegation of a procedural error, Morton fails to establish that the Court erred by failing to order further briefing by the parties. While the Court stated it was at a "disadvantage" due to the failure of the parties to provide fully informed arguments, this "disadvantage" was not an error or defect in the proceedings. The "disadvantage" caused by the failure to provide support was having to research and construe the parties' arguments, but did not cause the Court to make an "uninformed decision" or affect the integrity of the proceedings.

Second, assuming without finding that the Court erred in not ordering the parties to brief the issue, it would not be an error that would escape the second or successive petition label under the AEDPA. The failure of Morton to provide case law in support of ground six (6) is based on his own conduct and omission in his § 2254 petition. Additionally, while couched in language of a procedural failure, Morton's attack is effectively asking the Court to reconsider its analysis of ground six (6) based on the case law and argument that Morton could and should

have included in his § 2254 petition. Clearly, the failure to order additional briefing is not a ground to allow review under RULE 60(b) as Morton's allegation "does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Gonzalez, 545 U.S. at 532 n.5. Therefore, Morton's RULE 60(b) motion is a second habeas petition precluded from review by this Court under the AEDPA and should be referred to the Sixth Circuit for consideration.

## IV. CONCLUSION

Morton's FEDERAL RULE OF CIVIL PROCEDURE 60(b) Motion [Record No. 22] is in substance a second or successive habeas petition and Morton has not been granted authorization for a successive petition under § 2244(b)(3)(A). Accordingly, having considered the matter fully and the Court being otherwise fully informed,

IT IS RECOMMENDED that this matter be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, for a determination of whether the Petitioner will be granted authorization to file a second or successive habeas petition.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed December 7, 2012.



6