UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 10-148-DLB-EBA

ALPHONZO R. MORTON                                                          PETITIONER

vs.          **ORDER ADOPTING REPORT & RECOMMENDATION**

**COOKIE CREWS, WARDEN**
**Kentucky State Reformatory**                                              RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## I.  INTRODUCTION

Petitioner filed a Federal Rule of Civil Procedure 60(b) Motion (Doc. # 22) seeking relief from this Court's final judgment denying his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). In his motion, Petitioner contends that the Magistrate Judge at Lexington, whose report and recommendation was adopted by this Court, incorrectly applied the *Strickland* standard in reviewing ground six of his petition. (Doc. # 22, at 3-9). The motion was referred to the same Magistrate for preparation of another report and recommendation.

The matter is presently before the Court upon the Report & Recommendation ("R&R") of the Magistrate Judge (Doc. # 24), wherein he recommends that Petitioner's motion be referred to the Sixth Circuit for consideration because it is a second habeas petition precluded from review pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed Objections to the R&R (Doc. # 25), which are

1

considered *de novo*. *United States v. Evans*, 581 F.3d 333, 338 n.4 (6th Cir. 2009) (a district court judge reviews a magistrate judge's factual findings for clear error and reviews his legal conclusions *de novo*). Upon review, Defendant's Objections lack merit and will be overruled, and the R&R is adopted as the Court's opinion.

## II. PETITION FOR WRIT OF HABEAS CORPUS

As noted, Petitioner initially filed a petition for a writ of habeas corpus, and the Magistrate issued a report and recommendation finding all of his claims without merit and recommending his petition be denied. (Doc. # 20). No objections were filed, and this Court adopted the report and recommendation. (Doc. # 21).

In his petition, Petitioner alleged, among other things, that his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment due process right were violated by his counsel's failure to raise a statute of limitations defense to the misdemeanor charges brought by the government. (Doc. # 1, at 9). Specifically, he claimed that his counsel's failure to object to the charges being brought outside of the one year limitations period failed to preserve the issue for appellate review, mislead the trial court and jury, and resulted in prejudice to him. (*Id.*).

The Magistrate thereafter noted that neither party fully addressed the issue in their briefs, citing no authority on the issue. (Doc. # 20, at 14). However, after analyzing relevant case law from the Sixth Circuit and other federal courts, along with the state court decision, the Magistrate found that the state court's conclusion that Petitioner failed to demonstrate prejudice from his counsel's failure to raise a defense or object was not an unreasonable application of or contrary to established federal law, and thus concluded that the claim should be denied. (*Id.* at 13-17).

### III.  MOTION FOR RELIEF FROM FINAL JUDGMENT

Dissatisfied with the Magistrate's determination, Petitioner filed a Federal Rule of Civil Procedure 60(b) Motion. (Doc. # 22). The Magistrate, though, concluded that this motion is a second habeas petition precluded from review and thus recommends that it be referred to the Sixth Circuit for consideration. (Doc. # 24). Contrary to his approach as to the previous report and recommendation, Petitioner has filed objections. (Doc. # 25).

In his motion, Petitioner contended that the Magistrate incorrectly applied the *Strickland* standard in reviewing his claim that his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment due process right were violated. (Doc. # 22, at 3-9). Petitioner claimed that this resulted from a procedural error, correctly remedied under Rule 60(b) instead of on direct appeal, because the Magistrate failed to order briefing by the parties on the issue and instead "went on to wade through unchartered waters under the contrary to and unreasonable application of *Strickland* at the behest of the state court decision and respondent." (*Id.* at 4). He asserted that the failure to assert a statute of limitations defense to the misdemeanor charges was a failure of counsel to subject the prosecution's case to adversarial testing. (*Id.* at 6-7). According to Petitioner, clearly established federal law dictates that prejudice should have been presumed by the state court and the failure of the state court to do so was contrary to or an unreasonable application of federal law. (*Id.*). He also argued that, even if prejudice was not presumed, his Rule 60(b) motion adequately demonstrates prejudice. (*Id.* at 7-8). Finally, Petitioner concluded his motion by asserting that the Magistrate's "procedural disposition of Ground 6 cannot be reconciled with those decisions regarding the 'prejudice' element" and that he is therefore entitled to habeas relief and a new trial. (*Id.* at 8-9).

The Magistrate thereafter determined that Petitioner's Rule 60(b) motion constitutes a second habeas petition because the motion focused on his previous analysis of the state court's application of the prejudice standard under *Strickland*. (Doc. #24, at 5). Moreover, with respect to the only procedural error specifically alleged–that the Magistrate erred by failing to order further briefing–the Magistrate noted that (1) that Petitioner failed to establish why his failure was an error and (2) that, even if his failure to order such briefing was an error, it was not a ground for review pursuant to Rule 60(b). (*Id.* at 5-6). Ultimately, the Magistrate concluded that the motion is a second habeas petition precluded from review under the AEDPA and should be referred to the Sixth Circuit for consideration. (*Id.* at 6).

In his Objections, Petitioner contests the Magistrate's conclusion and recommendation by arguing that, had additional briefing been ordered, the Magistrate would have recognized that the issue has always been his improper conviction–*not* his sentence. (Doc. # 25, at 2-3). According to Petitioner, both the state court and the Magistrate failed to recognize that clearly established federal law mandates that a person cannot be convicted for a crime for which he cannot be tried, which is such a fundamental and rudimentary principal that no citation is necessary.

## IV.  ANALYSIS

Federal Rule of Civil Procedure 60(b) provides that a district court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

4

>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

However, this avenue of relief is subject to the additional restrictions that apply to "second or successive" habeas corpus petitions under the provisions of the AEDPA, codified at 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Of particular importance to this case, the AEDPA provides that a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider a second or successive petition for writ of habeas corpus. 28 U.S.C. § 2244(b)(3)(A). This means that a Rule 60(b) motion must not be predicated on grounds that would be considered a "claim" under the AEDPA, which "is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530.

As an example, Rule 60(b) motions that "seek[] to add a new ground for relief" or "attack[] the federal court's previous resolution of a claim on the merits" would be considered second or successive petitions. *Id.* at 532. Conversely, a motion that "attacks . . . some defect in the integrity of the federal habeas proceedings" does not qualify. *Id.* That being said, "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532, n.5.

In this case, Petitioner's only allegation of a procedural error is that the Magistrate erred by failing to order further briefing. However, as the Magistrate pointed out, this purported error stemmed from Petitioner's own conduct–his failure to provide any case law–and is therefore a request for a second chance to have the merits determined favorably. Petitioner's Rule 60(b) motion, then, is a second habeas petition precluded from review under the AEDPA, and his Objections effectively ignore this conclusion and are thus not well taken.

## V. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendant's Objections (Doc. # 25) to the Magistrate Judge's Report and Recommendation are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 24) is hereby **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

(3) For the reasons set forth herein and in the Magistrate Judge's R&R, Petitioner's Federal Rule of Civil Procedure 60(b) Motion (Doc. # 22) is hereby **REFERRED** to the Sixth Circuit

(4) This matter is hereby stricken from the Court's docket.

This 7th day of January, 2013.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\Lexington\10-148 Order adopting R&R RE Rule 60(b).wpd